UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS J. WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security Administration,<br><br>        Defendant. | No. EDCV 14-2592-AS<br><br>**MEMORANDUM OPINION AND**<br><br>**ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**I. PROCEEDINGS**

On April 5, 2011, Plaintiff Doris J. White ("Plaintiff") applied for a period of disability and disability insurance benefits based on a disabling condition which had rendered her unable to work since June 1, 2010. (A.R. at 169-70). The Administrative Law Judge

1

("ALJ"), Charles E. Stevenson, examined the records and heard testimony from Plaintiff, medical expert Arnold Ostrow, and vocational expert ("V.E.") Kelly Winn-Boaitey, on May 8, 2013. (A.R. at 23-41). On May 24, 2013, the ALJ denied Plaintiff benefits in a written decision. (A.R. at 12-18). The Appeals Council denied review of the ALJ's decision. (A.R. at 1-3).

On December 19, 2014, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g) alleging that the Social Security Administration erred in denying her disability benefits. (Docket Entry No. 1). On April 29, 2015, Defendant filed an Answer to the Complaint, (Docket Entry No. 14), and the Certified Administrative Record ("A.R."), (Docket Entry No. 15). The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 11, 12). On August 18, 2015, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's claim. (Docket Entry No. 19).

## II. SUMMARY OF TESTIMONY AND ALJ'S DECISION

At the May 8, 2013, hearing, Plaintiff testified that in June 2010 she stopped working with her husband in a home-based metalworking shop because of "fumes and the metal dust," and "the bending over and sitting a long time." (A.R. at 29-31). Her duties in the shop included "[s]ome paperwork," paying "maybe five" bills for the business every month, and operating a drill press for a maximum of three hours per day. (A.R. at 30-31). Plaintiff also testified that she was sometimes paid for working forty hours without

working forty hours because her husband "was trying to help [her] get [her] Social Security up, so when [she] retired [she would] have enough money, because [she] was mostly a housewife." (A.R. at 32). Plaintiff also said that she was generally paid when the business had available money and not based on the work that she performed. (A.R. at 33). She testified that, in her current condition, she would be unable to do 30 or 40 hours of paperwork per week for her husband's business, but she also stated that she had not done that much paperwork in the past and had "never worked a full eight hour shift with him." (A.R. at 37).

Plaintiff testified that her breathing problems prevented her from working with her husband and that her back began to hurt when she sat too long. (A.R. at 34). She further testified that she usually sat in a recliner during the day and could sit somewhere that was "soft" and had back support, (A.R. at 34-35), but she could not work in an office without experiencing back and shoulder pain, even if periods of sitting were interspersed with periods of standing. (A.R. at 35-36). She also testified that she was supposed to use a nebulizer four times daily, with each use taking ten minutes. (A.R. at 36).

The V.E. testified that, if Plaintiff's past work could be characterized as substantial gainful activity ("SGA"), her position was best characterized as that of an administrative clerk. (A.R. at 38). Although the Dictionary of Occupational Titles characterized that occupation as light work, the V.E. stated that, because Plaintiff had lifted up to 30 pounds of files when working with her

husband, her position could be characterized as "medium work" as it was actually performed. (A.R. at 38). The ALJ asked the V.E. whether Plaintiff's past work could be performed by an individual with the following limitations: able to lift and carry twenty pounds occasionally and ten pounds frequently; able to stand and walk six hours per day; able to sit six hours per day; unable to reach above her shoulders; unable to operate foot pedals; able to bend, stoop, crawl, and climb stairs occasionally; unable to climb ladders, ropes, and scaffolding; and unable to work around unprotected heights, concentrated fumes, odors, dust, gases, extreme temperatures, or extreme changes in temperature. (A.R. at 39). The V.E. stated that that individual could perform Plaintiff's past work as defined in the Dictionary of Occupational Titles but not as Plaintiff actually performed it. (A.R. at 39). The V.E. also opined that that occupation would likely not accommodate regular unscheduled breaks totaling four hours during the work week. (A.R. at 40). Plaintiff's attorney commented that Plaintiff's past work should not be considered SGA at all. (A.R. at 39).

The ALJ applied the five-step process to the evaluation of the record in Plaintiff's case. (A.R. at 12-14). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after the alleged onset date. (A.R. at 14). At step two, the ALJ found that Plaintiff had severe impairments including chronic obstructive pulmonary disease, idiopathic neuropathy, lumbo-sacral degenerative disc disease with L5-S1 radiculopathy, asthma, peripheral vascular disease, osteoarthritis of the right shoulder, and cervical degenerative discogenic disease. (A.R. at 14). At step

three, the ALJ found that Plaintiff's impairments did not meet or equal a listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. at 15). The ALJ noted particularly that the criteria for "all of the musculoskeletal and respiratory listings" were unmet. (A.R. at 15).

Before proceeding to step four, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 CFR section 404.1567(b) with additional limitations consistent with those posed in his hypothetical to the V.E.[1] (A.R. at 15). The ALJ stated that Plaintiff's impairments could be expected to cause her symptoms, but her statements about the "intensity, persistence and limiting effects of [her] symptoms [were] not entirely credible for the reasons explained in this decision." (A.R. at 16). In assessing Plaintiff's RFC, the ALJ gave "greatest weight" to the testimony of the medical expert, and also gave "significant weight" to the opinions of a consultative examining physician and a non-examining state agency physician. (A.R. at 16-17).

At step four, the ALJ determined that Plaintiff possessed the RFC to return to her past relevant work as an administrative clerk as that occupation is generally performed in the national economy. (A.R. at 17). The ALJ rejected the assertion that Plaintiff had no

---

[1] Specifically, the ALJ's decision stated that Plaintiff "is precluded from overhead reaching with the upper extremities; she is precluded from operating foot pedals with the lower extremities; she is limited to occasional bending, stooping, crawling, and climbing stairs; she is precluded from climbing ladders, ropes or scaffolds or working at unprotected heights; she is precluded from working around concentrated fumes, odors, dusts, gasses, extremes of temperature (hot or cold) and extreme temperature changes." (A.R. at 15).

past relevant work, ruling that Plaintiff could not simultaneously report full-time work for purposes of qualifying for Social Security benefits while also denying that she had engaged in past relevant work. (A.R. at 17-18).

The ALJ accordingly determined that Plaintiff was not disabled within the meaning of 42 U.S.C. sections 416(i) and 423(d).

### III. STANDARD OF REVIEW

This court reviews the Administration's decision to determine if the decision is free of legal error and supported by substantial evidence. See Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

\\
\\
\\
\\

**IV. PLAINTIFF'S CONTENTIONS**

Plaintiff contends that the ALJ: (1) improperly rejected her testimony as not credible; and (2) incorrectly developed and considered the vocational issues at Step 4 of the five-step process. (Joint Stip. at 3).

**V. DISCUSSION**

After reviewing the record, the Court finds that Plaintiff's first claim warrants remand for further consideration. Because remand is appropriate on the issue of whether the ALJ improperly rejected Plaintiff's testimony as not credible, the Court declines to consider the remaining issues.

**A. The ALJ Erred in Rejecting Plaintiff's Testimony as Not Credible**

A claimant initially must produce objective medical evidence establishing a medical impairment reasonably likely to be the cause of the subjective symptoms. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his pain and symptoms only by articulating specific, clear and convincing reasons for doing so. Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 6684997 at *5 (9th Cir. 2015) (citing

Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)); see also Smolen v. Chater, supra; Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).

Plaintiff asserts that the ALJ improperly rejected her testimony as not credible and failed to identify evidence that supported this finding. (Joint Stip. at 3-8). Defendant asserts that the ALJ properly rejected Plaintiff's testimony in light of: (1) the opinions of the medical expert, consultative examining physician, and non-examining state agency physician; (2) inconsistencies between Plaintiff's alleged limitations and several of her self-reported activities; and (3) Plaintiff's inconsistent statements regarding her past work. (Joint Stip. at 8-14).

The ALJ found Plaintiff's testimony regarding the intensity, persistence and limiting effects of her symptoms not entirely credible in the following excerpt:

> The claimant alleges that her ability to work is limited by COPD, emphysema, asthma, bronchitis, arthritis, and muscle cramps. The claimant reports that she suffers from joint pain in her shoulders, back, hips and left knee, and she experiences muscle cramps when walking too far. She also alleges that she experiences shortness of breath.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

> The objective medical evidence clearly supports a finding of COPD and asthma, as well as mild degenerative disc disease and mild arthritic changes affecting the claimant's cervical and lumbo-sacral spine. There is also some evidence of mild degenerative changes to the right shoulder, and some report of idiopathic neuropathy.
>
> The claimant reports that she is able to lift a gallon of milk, and she can carrying [sic] about 10 pounds of groceries from the car to the house, two or three times per day. The claimant is able to drive a vehicle, and she sleeps about eight hours, with a one-hour nap mid-day. The claimant's treating physician reports that the claimant has "restricted" ability to stand, walk, lift, carry, handle objects, and travel, but he does not offer an opinion regarding her specific limitations and the extent of her residual functional capacity. The claimant testified that she stopped smoking in late 2011.

(A.R. at 16 (citations omitted)).

The ALJ's opinion then reviews and evaluates the opinions of the medical expert, consultative examining physician, and non-examining state agency physician, and concludes:

> Based on a review of all available evidence, including the claimant's testimony, the medical records, and the medical opinions of the consultative examiner, state agency medical consultant, and impartial medical expert, the undersigned is persuaded that the claimant is capable of performing light exertional work, with the additional restrictions described above.

(A.R. at 17).

The ALJ's opinion does not explicitly identify the ALJ's reasons for discrediting Plaintiff's testimony. The ALJ's opinion therefore fails to provide "specific, clear and convincing reasons" for rejecting Plaintiff's testimony about the intensity, persistence, and

9

limiting effects of her symptoms. See Brown-Hunter, __ F.3d __, 2015 WL 6684997 at *5-*6 (rejecting ALJ's credibility determination where ALJ "did not specifically identify . . . inconsistencies; she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination"). See also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis").

Defendant argues that the Court may affirm the ALJ's partial rejection of Plaintiff's testimony based on: (1) inconsistencies between Plaintiff's testimony and the objective medical evidence, including the opinions of the medical expert, consultative examining physician, and non-examining state agency physician; (2) inconsistencies between Plaintiff's limitations and several of her self-reported activities; and (3) Plaintiff's inconsistent statements regarding the nature of her past work. (Joint Stip. at 8-14). However, the Court cannot affirm an ALJ's decision based upon inconsistencies in testimony or medical evidence that the ALJ did not specifically identify in support of his decision. As the Ninth Circuit noted in Burrell v. Colvin, 775 F.3d 1133 (9th Cir. 2014):

> "We are constrained to review the reasons the ALJ asserts." Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). Our decisions make clear that we may not take a general finding — an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors — and comb the administrative record to find specific conflicts. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). "To support a lack of

> credibility finding, the ALJ was required to point to specific facts in the record...." Vasquez v. Astrue, 572 F.3d 586, 592 (9th Cir. 2009) (emphasis added) (internal quotation marks omitted). Here, the ALJ stated only — in passing and in a different section than the credibility determination — that Claimant's self-reports were inconsistent in some unspecified way with her testimony at the hearing. That finding is insufficient to meet "our requirements of specificity." Connett, 340 F.3d at 873. [. . . .]
>
> The government argues that Claimant's testimony that she has, on average, one or two headaches a week conflicts with the medical record. As an initial matter, the ALJ never connected the medical record to Claimant's testimony about her headaches. Although the ALJ made findings [. . .] concerning Claimant's treatment for headaches, he never stated that he rested his adverse credibility determination on those findings. For that reason alone, we reject the government's argument that the history of treatment for headaches is a specific, clear, and convincing reason to support the credibility finding.

Burrell, 775 F.3d at 1138-39.  See also Connett, 340 F.3d at 874 ("Because the ALJ did not assert specific facts or reasons to reject Connett's testimony . . . we must reverse the district court on this issue."); Brown-Hunter, __ F.3d __, 2015 WL 6684997 at *6 ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination.  This was legal error."); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

Here, although the ALJ summarized Plaintiff's testimony about her daily activities and the available medical evidence, he did not clearly identify the evidence that supported his credibility finding.

The ALJ noted that Plaintiff's inconsistent statements about her work history were "self-serving" and "unsustainable," and he did not "find [Plaintiff's] statements in this regard to be credible or legally tenable." (A.R. at 17). However, these findings were made in a different, subsequent section of the ALJ's order, and the ALJ did not state that he rested the challenged adverse credibility determination on these findings. As a result, the ALJ's conclusion that Plaintiff's statements were "not entirely credible" is not adequately supported and does not provide the specificity required by case law.

**B. The ALJ's Error Was Not Harmless**

"[H]armless error principles apply in the Social Security . . . context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)). Generally, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Id. (citing Carmickle v. Comm'r Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)).

The Court cannot conclude that the ALJ's errors were harmless. Plaintiff's credibility was directly relevant to assessing her limitations and, in turn, her RFC. A claimant's RFC "may be the most critical finding contributing to the final . . . decision about disability." See McCawley v. Astrue, 423 F. App'x 687, 689 (9th Cir. 2011) (quoting SSR 96–5p). Here, Plaintiff's RFC was central to the ALJ's determination that she could return to his prior work. (A.R. at 17-18). Because the Court cannot determine that the ALJ's errors

are "inconsequential to the ultimate disability determination," the errors cannot be deemed harmless. See Carmickle, 466 F.3d at 885.

**C.  Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

Here, the Court remands primarily because it cannot effectively review the ALJ's opinion, and further review might remedy this problem. The record also does not establish that Plaintiff's testimony should necessarily have been credited or that the ALJ would necessarily be required to find Plaintiff disabled if Plaintiff's testimony were credited. Remand is therefore appropriate.

The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would be inappropriate at this time.

Accordingly, the Court declines to rule on Plaintiff's claims that the ALJ's incorrectly developed and considered the vocational issues at Step 4 of the five-step process. Because this matter is being remanded for further consideration, this issue should also be considered on remand, if necessary.

### VI. CONCLUSION

For the foregoing reasons, the decision of the Administrative Law Judge is VACATED, and the matter is REMANDED, without benefits, for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 14, 2015

                                        _____/s/_____
                                                ALKA SAGAR
                                  UNITED STATES MAGISTRATE JUDGE